# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**UNITED STATES OF AMERICA,**

        **Petitioner,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No.  2:03-mc-10-FtM-29DNF**

**KENNETH E. KOEHLER,**

        **Respondent.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This action involves that enforcing of an Internal Revenue Service ("IRS") administrative summons served on Respondent, Kenneth E. Koehler ("Koehler").  Many orders were entered and hearings held to try to have Koehler comply with the summons and produce the documents requested.  Koehler has failed to comply with the summons and orders of this Court.

**I.  Procedural History**

    On June 10, 2003, the Government filed a Petition to Enforce Internal Revenue Service Summons and For Order to Execute Consent Directive. (Doc. 1).  In the Motion, the Government asserted that Revenue Agent George Ventura was conducting an investigation of Koehler to determine the correct federal income tax liability for the years 1997, 1998, 1999, 2000, and 2001. (Petition, Doc. 1, p. 2).  On February 12, 2003, Agent Ventura issued an IRS administrative summons to have Koehler appear before Agent Ventura on February 25, 2003, to give testimony and produce certain

books, papers, records, and other documents described in the summons. (Petition, Doc. 1, p. 2). Koehler failed to appear. (Petition, Doc. 1, p. 3). Agent Ventura did obtain certain documents through his investigation, however, other documents had not been obtained. (Petition, Doc. 1, p. 3). Koehler reported to the IRS that he had a financial interest in a foreign back account in the name of World Wide Systems People, Ltd., at Barclay's Bank, Grand Cayman BWI. (Petition, Doc. 1, p.4). Agent Ventura requested that Koehler execute a consent directive authorizing the foreign financial institution to release information to the IRS. (Petition, Doc. 1, p. 4).

On Order to Show Cause (Doc. 2) was entered on June 13, 2003, allowing Koehler 20 days to respond to the Petition, and setting a show cause hearing requiring Koehler to show cause why the summons should not be enforced and why the consent directive should not be executed. On August 6, 2003, the Government filed a Motion for Entry of Order Enforcing IRS Summons and Ordering Respondent to Execute Consent Directive. (Doc. 3). On August 12, 2003, the Court entered an Order which granted the Petition to Enforce IRS Summons and for Order to Execute Consent Directive, and required Koehler to obey the IRS summons attend, testify and produce documents, and sign the consent directive. On September 24, 2003, the Government filed a Motion for Issuance of Order to Show Cause. (Doc. 5). The Court entered an Order (Doc. 7) requiring Koehler to show cause why he should not be held in contempt for failing to comply with the IRS summons and executing a consent directive. The Court continued the Show Cause hearing based upon the parties informing the Court that Koehler would comply with the prior Order (Doc. 4) of the Court. The compliance did not occur, and the Government moved to resume the Show Cause hearing which was held on March 4, 2004. (See, Docs. 10, 11). Once again, Koehler agreed to comply with the IRS summons and prior Orders, and the hearing was continued and eventually reset for July 1, 2004.

At the hearing, counsel for the Koehler argued that he had made all reasonable efforts to obtain the documents requested. Counsel informed the Court that the account at the foreign back from which the documents would have been generated was closed and that Koehler was no longer a signatory on that account. Further, counsel asserted that Koehler had been assessed the tax liability on the money at issue in the documents, and therefore, the documents were not relevant to the IRS. The Court was satisfied that counsel for the Respondent had made reasonable efforts to obtain the documents requested from FirstCaribbean International Bank, however, the Court determined that it wanted to hear the testimony from Koehler as to his individual efforts.

Koehler's counsel called Koehler to testify as to his efforts in obtaining documents. Koehler testified that he contacted FirstCaribbean International Bank through its customer service department to discover how to obtain the documents the IRS requested. FirstCaribbean International Bank responded that it would only provide documents to a current account holder with a current account. After attempting to get information from the bank again and failing, Koehler contacted an attorney in the Cayman Islands to attempt to get the documents. After receiving the summons from the IRS, Koehler retained counsel to help him obtain the documents. Koehler signed a Consent Directive. After listening to the testimony and hearing argument from counsel, the Court determined that it would allow Koehler and his counsel more time to obtain the documents. The Court entered an Order (Doc. 26) which directed Koehler to work with a firm in the Cayman Islands to try to obtain the documents requested, and to execute a general release to First Caribbean International Bank for the records.

Koehler did produce some records, however, the Government claims that many documents were still not produced. (See, Docs.. 34, 35 and 37). In an Order (Doc. 41) dated May 23, 2005, the

Court gave Koehler one final chance to produce all of the records that were requested in the IRS summons. Koehler was required to produce the documents by July 25, 2005. The Court cautioned Koehler, that if he failed to produce all of the documents requested, that the Court would recommend that Koehler be held in contempt of court and be sanctioned On August 12, 2005, the Government filed a Notice of Non-Compliance (Doc. 45). The Government stated that no records have been produced since its Order of May 23, 2005.

**II. Analysis**

The party petitioning for a civil contempt finding must establish by clear and convincing evidence that the respondents violated the court's order. *United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988). Once the *prima facie* showing is made, the burden shifts to the other party to produce evidence explaining why he cannot comply with the order. *Id*. at 701. The burden of production is not satisfied by a mere assertion of an unavailability to comply. *Id*. "Rather, in this circuit, a party subject to a court's order demonstrates inability to comply only by showing that he has made 'in good faith all reasonable efforts to comply.'" *Id*., (citing, *United States v. Rizzo,* 539 F.2d 458, 465 (5th Cir. 1976)), (citing *United States v. Ryan*, 402 U.S. 530, 534 (1981)).

The Government has established that Koehler has not complied with the Orders of the Court to produce all of the documents that were requested in the IRS summons dated February 12, 2003. This Court has given Koehler ample opportunity to obtain these documents. Koehler has failed to show his present inability to comply with the summons and this Court's Orders regarding account statements from Worldwide Systems People Ltd. bank account from March 13, 1997 to December 29, 1997; and copies of checks, wire transfers, deposits or other transactions listed on the account

statements that were provided by Koehler. Koehler produced no evidence showing that he had no ability to obtain these records. Further, case law requires Koehler to use "all reasonable efforts" to obtain these documents. *Roberts*, 858 F.2d at 702. Correspondence from FirstCaribbean Bank shows that Koehler can retrieve other bank related records, but chooses not to produce these records.

**III. Conclusion**

The Court respectfully recommends that Kenneth Koehler be held in contempt of court for failing to use all reasonable efforts to obtain statements from Worldwide Systems People Ltd. bank account from March 13, 1997 to December 29, 1997; and copies of checks, wire transfers, deposits or other transactions listed on the account statements that were provided by Koehler. The Court respectfully recommends that Kenneth Koehler be required to appear before the District Court, and be required to purge his contempt of court by producing the documents requested in the IRS summons to the Court at the hearing.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this 30th day of August 2005.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record