UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              Case No.   2:05-cv-428-FtM-29DNF

KENNETH E. KOEHLER,

        Defendant.
_____/

## ORDER

This matter is before the Court on consideration of United States Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #46), filed on August 30, 2005, recommending that the Court hold Koehler in civil contempt. No party has filed an objection to the report and recommendation.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v.

Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the magistrate judge, and the recommendation of the magistrate judge regarding the motion.

Accordingly, it is now

**ORDERED, ADJUDGED**, and **DECREED**:

(1) United States Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #46) is **ACCEPTED** and **ADOPTED**.

(2) Koehler is in civil contempt. To provide Koehler an opportunity to purge the contempt, the Court will set a hearing to allow Koehler an opportunity to produce all requested documents. If Koehler is without the documents, Koehler must provide an acceptable excuse for his nonperformance; to date, Koehler's excuses have been unsatisfactory. Following the hearing, if Koehler does not provide the requested documents and does not provide a satisfactory excuse, the Court will order Koehler to pay a fine of $100 a day into the Court's registry until he complies.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this <u>23rd</u> day of September, 2005.

                                                    */s/ Virginia M. Hernandez Covington*
                                                    VIRGINIA M. HERNANDEZ COVINGTON
                                                    UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record